NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERKIA PATRICIA MORAN ESQUIVEL, AKA Erika Morales Esquival, AKA Erika Martinez, AKA Erika Morales, AKA Erica Patricia Moran Henrriquez, AKA Erika Patricia Moran Henrriquez,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No. 16-71145<br><br>Agency No. A078-106-865<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2022**
Pasadena, California

Before: SCHROEDER, S.R. THOMAS, and BEA, Circuit Judges.

Petitioner Erika Moran Esquivel seeks review of the Board of Immigration

Appeals ("BIA") dismissal of her appeal of an Immigration Judge's ("IJ") decision

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying her application for withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. Petitioner argues that the BIA abused its discretion by affirming the IJ's denial of her motion for a continuance, which was based on Petitioner's outstanding application for a U visa. We reject the government's argument that this issue is moot, as the record contains no details concerning Petitioner's U visa claim or application status. However, Petitioner had previously been granted two continuances, and no relief for Petitioner was immediately available, as Petitioner's U visa application had not been acted upon at the time of the merits hearing on July 31, 2014, even though the U visa application had been filed on March 19, 2014. Accordingly, the BIA did not abuse its discretion. *See Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008).

2. Substantial evidence supports the BIA's decision to uphold the IJ's denial of withholding of removal. Petitioner argues membership in a particular social group loosely defined as "Honduran woman combined with Petitioner's kinship ties and resisting gang oppression." However, this is not a cognizable proposed social group. *See, e.g.*, *Ramos Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) ("We have recently held, however, that resistance to gang membership is not a protected

---

[1] While the case caption reads "Erkia Patricia Moran Esquivel," Petitioner indicates her first name is spelled "Erika."

2

ground."). Moreover, even assuming this proposed group is cognizable, Petitioner has failed to establish a nexus between the proposed group and fear of future persecution. Petitioner testified that her son was recruited by the Honduran gang MS-13 because "he's a young man." Petitioner testified that her brother was previously attacked by MS-13 for not paying a "war tax" to the gang, but that since her brother has begun paying the "war tax," he has not experienced any further problems. The BIA did not err in finding that these harms were the result of generalized gang violence in the country, and were therefore not particular to any group.

3. Petitioner argues that she is "a devout member of a subsection of the Catholic religion" known as "Santa Muerte," as evidenced by a tattoo on her back, and that MS-13 views her Santa Muerte tattoo as a sign of "membership in a rival gang." The BIA affirmed the IJ's "determination that the applicant's fear of harm on the basis of religion, actual or imputed—based on her tattoo—is speculative." Substantial evidence supports the BIA's conclusion, as Petitioner has not testified to any instances of threatened or actual harm she or anyone she knows has suffered on account of Santa Muerte tattoos, and furthermore, Petitioner has previously disclaimed any belief in the Santa Muerte religion itself.

**PETITION FOR REVIEW DENIED**